UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OTAY MESA PROPERTY L.P., )
a California limited partnership; )
RANCHO VISTA DEL MAR, )
a California corporation, )
and OTAY INTERNATIONAL, LLC, )
a California limited liability company, )
5440 Morehouse Drive )
Suite 4000 )
San Diego, CA 92121, )
 )
      Plaintiffs, )    Civil Action No. _____
 )
v. )    Judge _____
 )
UNITED STATES DEPARTMENT OF )
THE INTERIOR, )
1849 C Street, N.W. )
Washington, DC 20240, )
 )
UNITED STATES FISH )
AND WILDLIFE SERVICE, )
1849 C St., NW )
Washington, D.C. 20240, )
 )
DIRK KEMPTHORNE, in his official )
capacity as Secretary of the )
Department of the Interior, )
1849 C Street, N.W. )
Washington DC 20240, )
 )
LYLE LAVERTY, in his official capacity )
as Assistant Secretary for Fish, Wildlife )
and Parks, Department of the Interior, )
1849 C Street, NW )
Washington, DC 20240, )
 )
      Defendants. )
 )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

This is a suit under the Administrative Procedure Act (APA), 5 U.S.C. §§ 551-706 (2006), to declare unlawful and set aside a final rule promulgated by the United States Fish and Wildlife Service designating portions of the land owned by Plaintiffs as critical habitat for the San Diego fairy shrimp (*Branchinecta sandiegonensis*), an endangered species, on the ground that the record contains no evidence that Plaintiffs' lands meet the statutory and regulatory definitions of critical habitat for the fairy shrimp. Because Plaintiffs' lands do not, in fact, contain fairy shrimp critical habitat, this rule so designating them, as it applies to Plaintiffs' lands, is arbitrary, capricious, and not in accordance with law.

**Parties**

1. Plaintiff Otay Mesa Property, L.P., is a limited partnership organized under the laws of the State of California and the owner in fee of several parcels of unimproved land in the Otay Mesa area of San Diego County, 74.55 acres that have been designated as critical habitat for the San Diego fairy shrimp, as described below. These lands are shown on Exhibit 1.

2. Plaintiff Rancho Vista Del Mar is a corporation organized under the laws of the State of California and the owner in fee of several parcels of unimproved land in the Otay Mesa area of San Diego County, 120 acres that have been designated as critical habitat for the San Diego fairy shrimp, as described below. These lands are shown on Exhibit 1.

3. Plaintiff Otay International, LLC, is a limited liability corporation organized under the laws of the State of Nevada and the owner in fee of approximately 80 acres of unimproved land in the Otay Mesa area of San Diego County that have been

designated as critical habitat for the San Diego fairy shrimp, as described below. These lands are shown on Exhibit 1.

4. Defendant, United States Department of the Interior, is an agency of the federal government, which is authorized to designate critical habitat for endangered species under 16 U.S.C. § 1533(a)(3)(A). Defendant, Secretary of the Interior Dirk Kempthorne, is sued in his official capacity as the officer of the United States charged with proper implementation of the Endangered Species Act, including the designation of critical habitat.

5. Defendant, United States Fish and Wildlife Service, is an agency of the Department of the Interior, which promulgated the rule under examination. Defendant, Assistant Secretary for Fish, Wildlife, and Parks, Lyle Laverty, is sued in his official capacity as the officer in charge of the United States Fish and Wildlife Service, the agency of the Department of the Interior, which published and administers the final rule under examination, designating Plaintiffs' land as critical habitat for the San Diego fairy shrimp.

**Jurisdiction and Venue**

6. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 702 (the APA), and 28 U.S.C. § 2201 (the Declaratory Judgment Act).

7. Specifically, the APA authorizes this Court to review final agency action and authorizes the Court to hold unlawful and set aside such action, findings, and conclusions when they are arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of

statutory right; without observance of procedure required by law; or unsupported by substantial evidence. 5 U.S.C. § 706(2)(A)-(E).

8. This agency action became final on January 11, 2008, and is now ripe for review. Designation of Critical Habitat for the San Diego Fairy Shrimp, 72 Fed. Reg. 70,648 (Dec. 12, 2007) (to be codified at 50 C.F.R. pt. 17).

9. Venue is proper in the District of Columbia under 28 U.S.C. § 1391(e), as this is a civil action against two agencies of the United States and two officers of the United States, acting in their official capacities, brought in the district court in which they reside.

**Statutory and Regulatory Framework**

10. The Endangered Species Act (ESA) authorizes the Secretary of Interior to list a species as "endangered" if he finds that it is "in danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). Once a species is listed as endangered, the Secretary has a duty, "to the maximum extent prudent and determinable," to concurrently, "designate any habitat of such species which is then considered to be critical habitat." 16 U.S.C. § 1533(a)(3)(A).

11. "Critical habitat" for an endangered species is defined in the ESA as follows:

> (i) the specific areas within the geographical area occupied by the species, at the time it is listed in accordance with the provisions of section 1533 of this title, on which are found those physical or biological features (I) essential to the conservation of the species and (II) which may require special management considerations or protection . . . .

16 U.S.C. § 1532(5)(A).

12.     The ESA requires the Secretary to make the designation of critical habitat and make revisions to the designation, "on the basis of the best scientific data available and after taking into consideration the economic impact, and any other relevant impact, of specifying any particular area as critical habitat." 16 U.S.C. § 1533(b)(2). It gives the Secretary the discretion to exclude any area from critical habitat if he determines that "the benefits of such exclusion outweigh the benefits of specifying such an area as part of the critical habitat," unless he determines, "based on the best scientific and commercial data available," that to do so will result in the extinction of the species. 16 U.S.C. § 1533(b)(2).

13.     Department of the Interior regulations prescribe that:

> When considering the designation of critical habitat, the Secretary shall focus on the principal biological or physical constituent elements within the defined area that are essential to the conservation of the species. Known primary constituent elements shall be listed with the critical habitat description. Primary constituent elements may include, but are not limited to, the following: roost sites, nesting grounds, spawning sites, feeding sites, seasonal wetland or dryland, water quality or quantity, host species or plant pollinator, geological formation, vegetation type, tide, and specific soil types.

Criteria for Designating Critical Habitat, 50 C.F.R. § 424.12(b)(5).

**Operative Facts**

14.     The San Diego fairy shrimp (*Branchinecta sandiegonensis*) is a small aquatic crustacean in the order *Anostraca*, generally restricted to vernal pools and other ephemeral basins in coastal Orange and San Diego Counties in southern California and in northwestern Baja California, Mexico. Under the authority of the Endangered Species Act, on February 3, 1997, Defendants published a final rule listing the fairy shrimp as an

endangered species. Determination of Endangered Status for the San Diego Fairy Shrimp, 62 Fed. Reg. 4,925 (Feb. 3, 1997) (codified at 50 C.F.R. § 17.11).

15. On October 23, 2000, Defendants published a final rule designating approximately 4,025 acres of critical habitat for the San Diego fairy shrimp in Orange and San Diego Counties, California. Plaintiffs' land was not included in this designation. Final Determination of Critical Habitat for San Diego Fairy Shrimp, 65 Fed. Reg. 63,438 (Oct. 23, 2000) (to be codified at 50 C.F.R. pt. 17)

16. Defendants' October 23, 2000 final rule designating critical habitat for the San Diego fairy shrimp was challenged in an Administrative Procedure Act lawsuit filed by multiple parties, including the Building Industry Association of Southern California, the National Association of Home Builders, and the Foothill/Eastern Transportation Corridor Agency. Following various proceedings in that case, Defendants requested remand of the final rule for further consideration and, on June 11, 2002, the U.S. District Court for the Central District of California granted that request.

17. Following their reconsideration, on April 22, 2003, Defendants published a new proposed rule to revise their October 23, 2000 final rule and designated approximately 6,098 acres of land within Orange and San Diego counties, California, as critical habitat for the San Diego fairy shrimp. That proposed rule is found at 68 Fed. Reg. 19,888.

18. In contrast to the 2000 final rule, the 2003 proposed rule included as proposed critical habitat a substantial portion of Plaintiffs' land.

19. On April 19, 2007 and at the request of the U.S. Fish and Wildlife Service, Plaintiffs submitted written comments on the 2003 proposed rule, pointing out that

Plaintiffs' land did not contain the physical and biological features necessary to the conservation of the San Diego fairy shrimp, and that it therefore did not meet the statutory definition for designation as critical habitat as proposed by Defendants.

20.     Nevertheless, without explanation, on December 12, 2007, Defendants published a final rule designating Plaintiffs' land as critical habitat for the San Diego fairy shrimp. That final rule is found at 72 Fed Reg. 70,648. This rule became effective January 11, 2008. (A map of Plaintiffs' land, showing the designated critical habitat in blue, is attached as Exhibit 1.)

### CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF
### (Administrative Procedure Act, 5 U.S.C. §§ 702, 706)

21.     5 U.S.C. § 702 provides that the actions of each agency of the government of the United States is subject to judicial review. Section 706 provides that, in all cases, agency action must be set aside if the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "contrary to constitutional right, power, privilege, or immunity"; "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"; "without observance of procedure required by law"; or "unsupported by substantial evidence." Agencies must maintain a record in support of their action, and there must be evidence in that record to support the agency action.

22.     Defendants' designation of Plaintiffs' land as critical habitat for the San Diego fairy shrimp is arbitrary, capricious, and otherwise not in accordance with law because, *inter alia*:

There is no evidence in the record to support the statutorily required finding that Plaintiffs' land is one of "the specific areas within the geographical area occupied by the

species, at the time it is listed in accordance with the provisions of section 1533 of this title, on which are found those physical or biological features" that are "(I) essential to the conservation of the species and (II) which may require special management considerations or protection," as required by 16 U.S.C. § 1532(5)(A)(i).

There is no evidence in the record to support a finding that Plaintiffs' land possesses the principal constituent elements identified for fairy shrimp conservation, viz.:

(i) Vernal pools with shallow to moderate depths (2 in. (5 cm.) to 12 in. (30 cm.)) that hold water for sufficient lengths of time (7 to 60 days) necessary for incubation, maturation, and reproduction of the San Diego fairy shrimp, in all but the driest years;

(ii) Topographic features characterized by mounds and swales and depressions within a matrix of surrounding uplands that result in complexes of continuously, or intermittently, flowing surface water in the swales connecting the pools described in paragraph (2)(i) of this entry, providing for dispersal and promoting hydroperiods of adequate length in the pools (i.e., the vernal pool watershed); and,

(iii) Flat to gently sloping topography, and any soil type with a clay component and/or an impermeable surface or subsurface layer known to support vernal pool habitat (including Carlsbad, Chesterton, Diablo, Huerhuero, Linne, Olivenhain, Placentia, Redding, and Stockpen soils).

There is no evidence in the record to support Defendant's finding, pursuant to Executive Order 12,630, that designation of Plaintiffs' land as critical habitat for the San Diego fairy shrimp "does not pose significant takings implications for lands within or affected by the designation." Exec. Order 12,630, 53 Fed. Reg. 8,859 (Mar. 18, 1988).

23. As a result of Defendants' wrongful acts, Plaintiffs have suffered and will continue to suffer substantial and irreparable injury by reason of their inability to develop and market this highly valuable land. This damage will continue until this Court sets aside Defendants' wrongful designation of Plaintiffs' land as critical habitat for the San Diego fairy shrimp. Plaintiffs have no plain, speedy or adequate remedy in the ordinary course of law, and pecuniary damages are inadequate.

WHEREFORE, Plaintiffs pray for relief as follows:

1. An order of this Court declaring unlawful and setting aside that portion of Defendants' December 12, 2007 final rule designating Plaintiffs' land as critical habitat for the San Diego fairy shrimp, and permanently enjoining Defendants from enforcing that final rule as it applies to Plaintiffs' land;

2. Attorneys' fees and costs for the bringing of this action; and,

3. Such other and further relief as the Court may deem just.

Respectfully submitted,

*Nancie Marzulla*

Nancie G. Marzulla, D.C. Bar No. 400985
Roger J. Marzulla, D.C. Bar No. 394907
MARZULLA LAW
1350 Connecticut Avenue, NW
Suite 410
Washington, DC 20036
(202) 822-6760
(202) 822-6774 (facsimile)

Dated: March 3, 2008

Counsel for Plaintiffs



# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

OTAY MESA PROPERTY L.P., a California limited partnership; RANCHO VISTA DEL MAR, a California corporation, and OTAY INTERNATIONAL, LLC, a California limited liability company

## DEFENDANTS

UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES FISH AND WILDLIFE SERVICE, DIRK KEMPTHORNE, in his official capacity as Secretary of the Department of the Interior, LYLE LAVERTY, in his official capacity as Assistant Secretary for Fish, Wildlife and Parks, Department of the Interior

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Nancie G. Marzulla
Roger J. Marzulla
Marzulla Law
1350 Connecticut Ave. NW, Suite 410
Washington, DC 20036

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ⦿ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☒ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Administrative Procedure Act (APA), 5 U.S.C. §§ 551-706 (2006). Designation as critical habitat that is arbitrary, capricious, & not in accordance w/ law.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ N/A    Check YES only if demanded in complaint  JURY DEMAND:  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 3/3/2008    SIGNATURE OF ATTORNEY OF RECORD *Nancie Marzulla*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.