United States District Court
For the District of Columbia

| | |
|---|---|
| Otay Mesa Property L.P., et al., <br><br> Plaintiffs, <br><br> v. <br><br> United States Department of the Interior, et al., <br><br> Defendants. | Case No. 1:08-cv-00383 <br><br> **Federal Defendants' Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief** |

The United States Department of the Interior, United States Fish and Wildlife Service, Dirk Kempthorne, in his official capacity as Secretary of the Department of the Interior, and Lyle Laverty, in his official capacity as Assistant Secretary for Fish, Wildlife and Parks, Department of the Interior (collectively, the "Defendants"), hereby submit the following Answer to Plaintiffs Otay Mesa Property L.P. et al.'s Complaint for Declaratory and Injunctive Relief ("Complaint"). The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint. All allegations in the Complaint that are not specifically admitted or otherwise answered are denied.

Introduction. The allegations contained in the first sentence of the unnumbered introductory paragraph of Plaintiffs' Complaint consist of plaintiffs' characterization of their lawsuit and require no response. In response to the allegations contained in the second sentence, Defendants lack knowledge and information sufficient to admit or deny whether plaintiffs' lands are within designated critical habitat, aver that all lands identified as critical habitat in the final critical habitat rule for the San Diego fairy shrimp published at 72 Fed. Reg. 70648-714 (December 12, 2007) meet the statutory and regulatory definition of critical habitat, and aver that

1

the remaining allegations in the second sentence consist of conclusions of law that do not require a response. To the extent a response is deemed required, Defendants deny the remaining allegations.

    1.    Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 1 and on that basis deny the allegations. In further response to the allegations contained in the first paragraph, Defendants aver that all lands within designated critical habitat for the San Diego fairy shrimp are identified with specificity in the final critical habitat rule at 72 Fed. Reg. 70648-714 (December 12, 2007).

    2.    Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 2. In further response to the allegations contained in the second paragraph, Defendants aver that all lands within designated critical habitat for the San Diego fairy shrimp are identified with specificity in the final critical habitat rule at 72 Fed. Reg. 70648-714 (December 12, 2007).

    3.    Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 3. In further response to the allegations contained in the third paragraph, Defendants aver that all lands within designated critical habitat for the San Diego fairy shrimp are identified with specificity in the final critical habitat rule at 72 Fed. Reg. 70648-714 (December 12, 2007).

    4.    Defendants admit the allegations contained in paragraph 4.

    5.    In response to the allegations in paragraph 5 of the complaint, Defendants lack knowledge and information sufficient to admit or deny the allegation that Plaintiffs' lands are designated as critical habitat for the San Diego fairy shrimp. Defendants admit the remaining allegations in paragraph 5.

    6.    The allegations contained in paragraph 6 consist of conclusions of law and require

no response.

7. The allegations contained in paragraph 7 purport to characterize the Administrative Procedure Act ("APA"), a statute which speaks for itself and is the best evidence of its own contents. Defendants deny any allegation contrary to the plain language of that statute.

8. In response to the allegations contained in paragraph 8, Defendants admit that the final critical habitat rule for the San Diego fairy shrimp became effective on January 11, 2008. The remaining allegations contained in this paragraph consist of conclusions of law and do not require a response.

9. The allegations contained in paragraph 9 consist of conclusions of law and require no response.

10. The allegations contained in paragraph 10 consist of conclusions of law that require no response and partial quotations from the Endangered Species Act, a statute that speaks for itself and provides the best evidence of its contents.

11. The allegations contained in paragraph 11 consist of a partial quotation from the Endangered Species Act, a statute that speaks for itself and provides the best evidence of its contents.

12. The allegations contained in paragraph 12 consist of conclusions of law that require no response and partial quotations from the Endangered Species Act, a statute that speaks for itself and provides the best evidence of its contents.

13. The allegations contained in paragraph 13 consist of partial quotations from the U.S. Fish and Wildlife Service regulations implementing the Endangered Species Act, which regulations speak for themselves and provide the best evidence of their contents.

14. Defendants admit the allegations contained in paragraph 14.

15. In response to the allegations in the first sentence of paragraph 15, Defendants admit that Defendants published a final rule designating critical habitat for the San Diego fairy shrimp on October 23, 2000 at 65 Fed. Reg. 63,438. The remaining allegations in the first sentence of paragraph 15 purport to characterize that final rule, which speaks for itself and is the best evidence of its own contents. Defendants lack knowledge and information sufficient to admit or deny whether Plaintiffs' lands were included in the 2000 final critical habitat rule, and deny the allegations in the second sentence of paragraph 15 on that basis.

16. Defendants admit the allegations contained in paragraph 16.

17. In response to the allegations in paragraph 17, Defendants admit that Defendants published a proposed critical habitat rule for the San Diego fairy shrimp on April 22, 2003 at 68 Fed. Reg. 19,888. The remaining allegations in paragraph 17 purport to characterize that proposed rule, which speaks for itself and is the best evidence of its own contents.

18. Defendants lack knowledge and information sufficient to admit or deny the allegations contained in paragraph 18, and deny the allegations on that basis.

19. Defendants deny the allegations contained in paragraph 19.

20. In response to the allegations in the first sentence of paragraph 20, Defendants admit they published a final critical habitat rule for the San Diego fairy shrimp on December 12, 2007, aver that they lack knowledge and information sufficient to admit or deny whether Plaintiffs' lands were designated as critical habitat in the 2007 rule, and deny the remaining allegations contained in this sentence. Defendants admit the allegations contained in the second and third sentences of paragraph 20. Defendants lack knowledge and information sufficient to admit or deny whether Plaintiffs' lands were designated as critical habitat in the 2007 final rule or are accurately displayed on Exhibit 1 to the complaint, and deny the allegations in the fourth sentence of paragraph 20 on that basis.

21.     The allegations contained in paragraph 21 consist of partial quotations from the Administrative Procedure Act, a statute that speaks for itself and provide the best evidence of its contents and conclusions of law that do not require a response.

22.     Defendants deny each of the factual allegations contained in paragraph 22 and aver that the remaining allegations in this paragraph consist of conclusions of law that do not require a response. To the extent a response is deemed required to any of the allegations in this paragraph, Defendants deny the allegations.

23.     The allegations contained in paragraph 23 consist of conclusions of law and do not require a response. To the extent a response is deemed required, Defendants deny the allegations.

## Prayer for Relief

The remainder of the Complaint constitutes Plaintiffs' request for relief and requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## General Denial

Defendants deny any allegations of the complaint, whether express or implied, that are not otherwise specifically admitted, denied or qualified herein.

## Affirmative Defenses

1.     Plaintiffs may lack standing to assert some or all of the claims in the complaint.

2.     This action should be transferred because venue is more appropriate in another judicial district.

Dated: May 2, 2008

Respectfully submitted,

RONALD J. TENPAS, Assistant Attorney General
United States Department of Justice

Environment and Natural Resources Division
JEAN E. WILLIAMS, Chief

/s/ James A. Maysonett
_____
JAMES A. MAYSONETT
Trial Attorney (D.C. Bar 463856)
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Benjamin Franklin Station, P.O. Box 7397
Washington, D.C. 20044-7397
Telephone: (202) 305-0216
Facsimile: (202) 305-0275

Attorneys for Federal Defendants

## Certificate of Service

I hereby certify that on May 2, 2008, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will send notification of such to the attorneys of record:

| | |
|---|---|
| Nancie G. Marzulla | nancie@marzulla.com |
| Roger Joseph Marzulla | roger@marzulla.com |

/s/ James A. Maysonett

James A. Maysonett