UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Otay Mesa Property L.P.**, a California limited partnership; **Rancho Vista Del Mar**, a California corporation; and **Otay International, L.L.C.**, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>**United States Department of the Interior, United States Fish and Wildlife Service, Dirk Kempthorne**, in his official capacity as Secretary of the Department of the Interior, **Lyle Laverty**, in his official capacity as Assistant Secretary for Fish, Wildlife and Parks, Department of the Interior.<br><br>Defendants. | Case No. 1:08-cv-00383 |

## FEDERAL DEFENDANTS' MOTION TO TRANSFER VENUE

COME NOW, Federal Defendants, by and through undersigned counsel, and hereby move the Court to transfer the above-captioned action to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. § 1404(a).

In support of this motion, Federal Defendants state as follows:

1.       This action could have been brought in the Southern District of California, where a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred;

2.       The interests of justice favor transfer to the Southern District of California,

1

because the impacts of the agency actions referenced in Plaintiffs' Complaint are regional in nature and specific to the Southern District of California;

3.     Transfer to the Southern District of California would serve the convenience of all parties; and

4.     The Plaintiffs would not be inconvenienced by a transfer because they reside in and/or own property in the Southern District of California.

Further and additional support is contained in the accompanying Memorandum in Support of Federal Defendants' Motion to Transfer Venue.

Pursuant to LCvR 7.1, counsel for Defendants have conferred with counsel for Plaintiffs regarding this motion. Plaintiffs' counsel indicated that Plaintiffs will oppose this motion. Intervenor-applicant has indicated that it does not oppose this motion.

Dated: June 2, 2008          Respectfully submitted,

RONALD J. TENPAS, Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
JEAN E. WILLIAMS, Chief

   /s/ **Meredith L. Flax**
MEREDITH L. FLAX, Trial Attorney (DCB 468016)
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7369 – Ben Franklin Station
Washington, D.C.  20044-7369
(202) 305-0404
(202) 305-0275 *[FAX]*
meredith.flax@usdoj.gov

Attorneys for Federal Defendants

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Otay Mesa Property L.P.**, a California limited partnership; **Rancho Vista Del Mar**, a California corporation; and **Otay International, L.L.C.**, a California limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> **United States Department of the Interior, United States Fish and Wildlife Service, Dirk Kempthorne**, in his official capacity as Secretary of the Department of the Interior, **Lyle Laverty**, in his official capacity as Assistant Secretary for Fish, Wildlife and Parks, Department of the Interior. <br><br> Defendants. | Case No. 1:08-cv-00383 |

## MEMORANDUM IN SUPPORT OF FEDERAL DEFENDANTS' MOTION TO TRANSFER VENUE

### INTRODUCTION

Federal Defendants hereby move to transfer this suit to the United States District Court for the Southern District of California. This case challenges a final critical habitat determination by the U.S. Fish and Wildlife Service (the "Service") for the San Diego fairy shrimp (*Branchinecta sandiegonensis*), an endangered species. The Carlsbad Fish and Wildlife Office in the Southern District of California substantially developed the challenged final critical habitat determination, and two of the Plaintiffs also reside in the Southern District of California. In

1

addition, of the five critical habitat units designated for the San Diego fairy shrimp, one is located in Orange County, California, and four are located in San Diego County, California. The property Plaintiffs allege was improperly included in the final critical habitat designation is in one of the four critical habitat units located in San Diego County. As outlined below, the interests of justice will be served best by transferring this action to the Southern District of California.

## **BACKGROUND**

### I.    **Factual Background**

Plaintiffs in this action challenge the Service's final critical habitat determination for the San Diego fairy shrimp under Section 4 of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533. Plaintiffs claim to own property in Unit 5 of the critical habitat designation, which is located entirely within San Diego County, California. See 72 Fed. Reg. 70,648, 70,693 (Dec. 12, 2007); Complaint (Doc. No. 1) at ¶¶ 1-3 & Exhibit 1.

This is not the first lawsuit involving the San Diego fairy shrimp. Intervenor-Applicant Center for Biological Diversity ("CBD") twice filed suit to compel the Service to make a listing determination for the San Diego fairy shrimp. Sierra Club v. Rogers, Civ. No. 93-1717 (S.D. Cal. filed Nov. 5, 1993); Southwest Ctr. for Biological Diversity v. Babbitt, Civ. No. 96-1170 (S.D. Cal. filed June 27, 1996). After the Service listed the San Diego fairy shrimp as endangered, CBD filed suit to compel the Service to designate critical habitat for the San Diego fairy shrimp. Southwest Ctr. for Biological Diversity v. Berg, Civ. No. 98-1866 (S.D. Cal. filed Oct. 14, 1998). The Service's October 2000 final critical habitat designation was challenged by several industry groups, resulting in a voluntary remand of the rule to the Service for further

consideration.  <u>Building Indus. Ass'n v. Norton</u>, Civ. No. 01-7028 (C.D. Cal. filed Jan. 17,

2001).  Finally, CBD recently succeeded in a challenge to the Service's issuance of an incidental

take permit for San Diego fairy shrimp and its critical habitat in the City and County of San

Diego.  <u>Southwest Ctr. for Biological Diversity v. Bartel</u>, 457 F. Supp. 2d 1070 (S.D. Cal. 2006),

<u>amended at</u> 470 F. Supp. 2d 1118 (S.D. Cal. 2006).

## II.    <u>Standard for Granting Motion to Transfer</u>

This Court has authority to transfer this case pursuant to 28 U.S.C. § 1404(a).  Section

1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it might
> have been brought.

Section 1404(a) reflects a desire to have federal civil suits tried in the federal system at the place

called for in the particular case by considerations of convenience and justice.  <u>Van Dusen v.</u>

<u>Barrack</u>, 376 U.S. 612, 616 (1964).  As the Supreme Court has recognized, the purpose of the

section is to prevent the waste "of time, energy and money" and "to protect litigants, witnesses

and the public against unnecessary inconvenience and expense . . . ."  <u>Continental Grain Co. v.</u>

<u>The F.B.L.-585</u>, 364 U.S. 19, 26, 27 (1960).

The decision whether to transfer rests in the sound discretion of the district court[1] and

should be exercised in light of all the circumstances of a case.  <u>See e.g.</u>, <u>Piper Aircraft Co. v.</u>

<u>Reyno</u>, 454 U.S. 235, 257 (1981); <u>Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.</u>, 342 U.S. 180,

---

[1]  This discretion is limited by the requirement that the transfer may be only to another
"district or division where [the case] might have been brought."  28 U.S.C. § 1404(a).  As noted
below, Plaintiffs could have filed this action in the Southern District of California pursuant to 28
U.S.C. § 1391(e), so this requirement has been met.

184-85 (1952); <u>Trout Unlimited v. U.S. Dep't of Agric.</u>, 944 F. Supp. 13, 16 (D.D.C. 1996) (§

1404(a) vests "'discretion in the district court to adjudicate motions to transfer according to

individualized, case-by-case consideration of convenience and fairness.'") (quoting <u>Stewart Org.</u>

<u>v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)). In a recent case discussing the analysis of venue issues,

the U.S. District Court for the District of Columbia explained:

> Courts balance a number of private and public interest factors, including (1)
> plaintiff's forum choice; (2) defendant's forum choice; (3) whether the claim
> arose elsewhere; (4) convenience of the parties; (5) convenience of the witnesses;
> (6) ease of access to the proof; (7) transferee's competence; (8) congestion of both
> courts; and (9) local interest in deciding local controversies at home.

<u>Southern Utah Wilderness Alliance v. Norton</u>, 315 F. Supp. 2d 82, 86 (D.D.C. 2004); <u>see also</u>

<u>National Wildlife Fed'n v. Harvey</u>, 437 F. Supp. 2d 42, 46 (D.D.C. 2006). To support a motion

to transfer venue, the moving party must demonstrate that the balance of convenience of the

parties and witnesses and the interest of justice are in its favor. <u>Southern Utah Wilderness</u>

<u>Alliance</u>, 315 F. Supp. 2d at 86.

## <u>ARGUMENT</u>

### I.    <u>The District Court for the Southern District of California is a Forum in Which The</u> <u>D.C. Action Could Have Been Brought.</u>

The "threshold consideration" in determining the appropriateness of transfer under §

1404(a) is whether the action "could have been brought" in the transferee district. <u>See</u> <u>Van</u>

<u>Dusen</u>, 376 U.S. at 616 (transfer power is limited expressly by clause restricting transfer to those

districts in which the action "could have been brought"), <u>superceded by statute on other grounds</u>,

as stated in <u>Ross. v. Colorado Outward Bound Sch.</u>, 822 F.2d 1524 (10th Cir. 1987). Thus, the

transferee district must have jurisdiction over the case. <u>Hoffman v. Blaski</u>, 363 U.S. 335, 343

(1960). Here, Plaintiffs base their claims on federal-question jurisdiction, the grant of

4

jurisdiction under the Administrative Procedure Act, and the Declaratory Judgment Act, see Complaint at ¶ 6.  The U.S. District Court for the Southern District of California would have subject-matter jurisdiction over such claims, so the only relevant question is whether venue is proper in the transferee district.  see Martin-Trigona v. Meister, 668 F. Supp. 1, 4 (D.D.C. 1987).

Pursuant to § 1391(e), venue is proper in the "judicial district in which . . . a substantial part of the events or omissions giving rise to the claim occurred. . . ."  28 U.S.C. §1391(e).  However, "there may be several districts that qualify as a situs of such 'substantial' activities."  David D. Siegel, Commentary on 1988 and 1990 Revisions of Section 1391, 28 U.S.C.A. § 1391 (1993) at 9; see 15 Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters §3802.1 at 4, 6-7 n.9 (2d ed. 1986 (2005 Supp.)) (the language of § 1391(e)(2) makes "it clear that there may be more than one district in which a claim may be thought to have arisen and in which venue should be proper").

Plaintiffs' claim in this action relates to the final critical habitat determination for the San Diego fairy shrimp, a species which are located entirely in California and four of the five units of critical habitat for the species are located in San Diego County.  San Diego County is entirely within the Southern District of California.  28 U.S.C. § 84(d).  The Carlsbad Fish and Wildlife Office of the Service, where most of the development of the critical habitat rule occurred, is also in the Southern District of California.  Id.  Two of the Plaintiffs, Otay Mesa Property, L.P. and Rancho Vista Del Mar, are incorporated in California and reside in San Diego County, and the third Plaintiff, Otay International L.L.C., is incorporated in Nevada, but has one officer that resides in San Diego.  See Entity Information from the California and Nevada Secretary of State websites (listing addresses in San Diego for Plaintiffs Otay Mesa Property L.P. and Rancho

5

Vista Del Mar and an officer in San Diego for Plaintiff Otay International L.L.C.) (attached hereto as Exhibits 1, 2, and 3)  All three Plaintiffs own property in San Diego County, which is entirely within the Southern District of California.  Complaint at ¶¶ 1-3.  It is that San Diego County property that Plaintiffs allege was included improperly in the final critical habitat designation for the San Diego fairy shrimp.  Complaint at ¶¶ 1-3, 22.  These facts compel the conclusion that this case could have been brought in the Southern District of California.  Consequently, venue in the Southern District of California is proper under 28 U.S.C. § 1391(e)(2), and as a result, this case could have been brought there.

II.    **The Factors Weigh Heavily in Favor of Transfer to the Southern District of California.**

A.    **The Interests of Justice Will Be Served Best By Transferring This Case.**

The strongest reason to transfer this action to the Southern District of California is that the interests of justice will best be advanced by such a transfer.  The interests of justice are defined primarily as the prevention of unnecessary expense to the public and duplicative use of judicial resources.  See Continental Grain, 364 U.S. at 26 & 27.  In its determination of the interests of justice, the D.C. Circuit inquires as to "whether the impact of the litigation is local to one region. . . ."  Oil, Chem. & Atomic Workers Local Union No. 6-148 v. N.L.R.B., 694 F.2d 1289, 1300 (D.C. Cir. 1982); Citizen Advocates for Responsible Expansion v. Dole, 561 F. Supp. 1238, 1240 (D.D.C. 1983) (justice requires that localized controversies be decided at home).  The interests of justice are promoted when a localized controversy such as this one is resolved in the region that it impacts.  See Oil, Chem. & Atomic Workers, 694 F.2d 1289.  As the Supreme Court has noted:

> In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only.  There <u>is</u> a <u>local</u> <u>interest</u> in <u>having</u> <u>localized</u> <u>controversies</u> <u>decided</u> <u>at</u> <u>home</u>.

<u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 509 (1947) (emphasis added).

It is not atypical for cases in this district which are brought under the ESA or other environmental statutes to be transferred to the local district if a party to the litigation so requests. For example, in <u>Hawksbill Sea Turtle v. FEMA</u>, 939 F. Supp. 1 (D.D.C. 1996), the Court transferred an ESA challenge concerning a Virgin Islands housing project to the District of the Virgin Islands.  The Court reasoned that "[t]he housing project, and the habitat of the sea turtle and tree boa are in the Virgin Islands, and the alleged violation of the environmental laws took place there." <u>Id.</u> at 3.  In <u>Northwest Forest Res. Council v. Babbitt</u>, No. 93-1579 JHG, 1994 WL 908586 (D.D.C. Apr. 13, 1994), the Court transferred a challenge to the listing of the marbled murrelet under the ESA from the District of Columbia to the Western District of Washington where much of the bird's habitat is found.  The court noted that "marbled murrelets do not inhabit land or water in--or anywhere near--the District of Columbia." <u>Id.</u> at *4.  Likewise, in <u>Trout Unlimited</u>, 944 F. Supp. at 20, the Court transferred an action brought by environmental groups in the District of Columbia against the U.S. Forest Service regarding the granting of easements for the operation of a dam to the local District of Colorado where the dam would operate.  The Court deferred "to the more compelling interest of the State of Colorado in having this localized controversy decided at home." <u>Id.</u> at 19.

Most recently, in <u>National Wildlife Fed'n</u>, 437 F. Supp. 2d 42 (D.D.C. 2006), the Court transferred an ESA challenge to the U.S. Army Corps of Engineers' failure to initiate consultation on its modifications to water levels of Lake Okeechobee, habitat of the endangered

snail kite.  The Court concluded that the interests of justice would be promoted by transfer of the case from the District of Columbia to the Southern District of Florida, as the case was "local to Florida and is one in which Florida and its residents have a great interest."  Id. at 49.

In the instant case, Plaintiffs allege that the Service improperly designated their lands within San Diego County as critical habitat for the San Diego fairy shrimp, see Complaint at ¶¶ 1-3, 20.  Plaintiffs also allege that the designation will cause them "irreparable injury by reason of their inability to develop and market this highly valuable land."  Id. at ¶ 23.  The disputed actions thus have alleged impacts within California.  In contrast, the disputed actions have no impacts within the District of Columbia.  As Plaintiffs' claims are regional in nature and specific to the Southern District of California, they should be transferred there.

Although Defendants bear the burden of demonstrating that transfer is appropriate under 28 U.S.C. § 1404(a), that burden is "substantially diminished" where, as here, "the connection between plaintiffs, the controversy and the chosen forum is attenuated."  Citizen Advocates for Responsible Expansion, 561 F. Supp. at 1239 (citations omitted); Armco Steel Co. v. CSX Corp., 790 F. Supp. 311, 323 (D.D.C. 1991) (deference to plaintiff's choice of forum is "greatly diminished" when the events have little connection to the chosen forum).  See also California Farm Bureau Fed'n v. Badgley, No. 02-2328 (RCL), 2005 WL 1532718, *3 (D.D.C. June 29, 2005) ("This lower level of deference is also supported by the fact that the Delta Smelt dispute relates to actions taken by Interior officials within the Eastern District of California and involves more closely the interests of Californians like plaintiffs than residents of D.C."); Harris v. Republic Airlines, 699 F. Supp. 961, 963 (D.D.C. 1988) (deference overcome where plaintiff's choice of forum "has no factual nexus to the case"); Kafack v. Primerica Life Ins. Co., 934 F.

Supp. 3, 6 (D.D.C. 1996) ("deference is mitigated where the plaintiff's choice of forum has 'no

meaningful ties to the controversy and no particular interest in the parties or subject matter'")

(citation omitted); Citizen Advocates for Responsible Expansion, 561 F. Supp. at 1239 (burden

on moving party "is substantially diminished where, as here, transfer is sought to the forum

where plaintiffs reside . . . and the connection between plaintiffs, the controversy and the chosen

forum is attenuated."); Trout Unlimited v. U.S. Dep't of Agric., 944 F. Supp. 13, 17 (D.D.C.

1996) (deference to plaintiff's choice of forum is reduced where the plaintiff's choice has "no

meaningful ties to the controversy and no particular interest in the parties or subject matter.")

(citations omitted); Hawksbill Sea Turtle, 939 F. Supp. at 3 (less deference owed to plaintiffs'

choice of forum where it has insubstantial nexus with facts of case); Northwest Forest Res.

Council, 1994 WL at *3 ("several decisions in this circuit suggest that [plaintiffs' choice of

forum] is not entitled to any great weight," particularly where "there is an insubstantial factual

nexus with the plaintiffs' choice.") (citations omitted).

      Here, the controversy surrounding the Service's actions in this case has little connection

with the District of Columbia.  The Federal Defendants have offices within the District of

Columbia and the final rule was reviewed and approved by officials for the Service and the

Department of the Interior Solicitor's Offices in the District of Columbia.  However, Plaintiffs

do not allege that government officials in the District of Columbia had any particular

involvement in the promulgation of the final critical habitat designation, which substantially was

developed in the Carlsbad Fish and Wildlife Office in San Diego County.  While the connection

with the District of Columbia is certainly enough to make it a proper venue, because this

connection is attenuated the Court should give less deference to Plaintiffs' choice of the District as a forum for the purposes of this motion to transfer venue.

Finally, the presence of federally protected endangered species or critical habitat for such species does not constitute a "national" connection that requires this case to be heard in the District of Columbia. The D.C. Circuit has rejected the contention that the District of Columbia is more competent to determine issues of federal environmental law than any other federal court. As stated in <u>National Wildlife Fed'n v. Harvey</u>, 437 F. Supp. 2d at 49:

> the fact that this case involves the interpretation of federal statutes does not automatically make the District of Columbia more competent to decide the case than Florida, as Plaintiffs allege. Where plaintiffs' claims are based on federal environmental law, this Court follows "the principle that the transferee federal court is competent to decide federal issues correctly." <u>Sierra Club</u>, 276 F. Supp.2d at 70 n. 6 (quoting <u>In re Korean Air Lines Disaster of Sept. 1, 1983</u>, 829 F.2d 1171, 1175 (D.C.Cir.1987)). Thus, both courts are competent to interpret the federal statutes involved in this case, and there is no reason to transfer or not transfer based on this factor.

In sum, the public interest in resolving local controversies at home strongly favors transfer to the United States District Court for the Southern District of California, where San Diego County, the majority of the critical habitat for the San Diego fairy shrimp, and the property Plaintiffs claim was improperly included in the critical habitat designation for the San Diego fairy shrimp are located.

//

**B.    <u>The Convenience to the Parties Will Be Served By Transferring This Case</u>**.

Although the burden of showing that transfer is warranted still rests with the Defendants, it is well established that the showing of inconvenience required for transfer under § 1404(a) is less than that required for dismissal of the action under the doctrine of forum *non conveniens*.

10

See Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955); S.E.C. v. Savoy Indus., 587 F.2d 1149, 1154 (D.C. Cir. 1978). Convenience in the context of a motion to transfer is heavily dependent on the facts of each case, which in this case require transfer to the Southern District of California.

The convenience to the parties would be better served by the transfer of this action to the Southern District of California. The Federal Defendants have offices in the Southern District of California. Two of the Plaintiffs reside in the Southern District of California, and the third Plaintiff resides in Carson City, Nevada, but has an officer with an address in San Diego. See Exhibits 1, 2, and 3. Plaintiffs specifically allege that they own property in San Diego County that is affected by the critical habitat designation and specifically challenge the designation of the property as critical habitat. Complaint at ¶¶ 1-3, 22. Accordingly, the interests of the parties favor transfer of this case to the Southern District of California.

**C.      Transfer of this case presents limited inconvenience, if any.**

There is little or no reason why the District of Columbia is more convenient than the Southern District of California. While attorneys for the parties are located in Washington, D.C., this factor is not appropriate for consideration on a motion to transfer. Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973). In any case, two of the Plaintiffs reside in San Diego, California, the third resides in Nevada, and all three own property in San Diego County that they allege has been designated as critical habitat for the San Diego fairy shrimp. Moreover, there is unlikely to be any discovery or trial in this case seeking judicial review of agency action on the agency's administrative record, since challenges of administrative actions, pursuant to Administrative Procedure Act review, are resolved by cross-motions for summary

judgment.  See Occidental En'g Co. v. INS, 753 F.2d 766, 769-70 (9th Cir. 1985); National

Wildlife Fed'n, 437 F. Supp. 2d at 48 (explaining that the convenience-of-witnesses factor may

not be relevant in an administrative record case and that where the administrative record will be

created is a relevant factor).  For these same reasons, the convenience of witnesses is not a

relevant consideration.  Consequently, the interests of the parties do not dictate against transfer

to the Southern District of California.

## CONCLUSION

All of the factors relevant to consideration of transfer under 28 U.S.C. § 1404(a) argue

for transfer of this action to the Southern District of California, where venue lies for this case.

This action could have been brought in the Southern District of California.  Further, both the

interests of justice and the interests of the litigants favor transfer.  For the foregoing reasons, this

case should be transferred to the Southern District of California.

Dated: June 2, 2008            Respectfully submitted,

                               RONALD J. TENPAS, Assistant Attorney General
                               United States Department of Justice
                               Environment and Natural Resources Division
                               JEAN E. WILLIAMS, Chief

                                 __/s/ **Meredith L. Flax**_____
                               MEREDITH L. FLAX, Trial Attorney (DCB 468016)
                               Environment & Natural Resources Division
                               Wildlife & Marine Resources Section
                               P.O. Box 7369 – Ben Franklin Station
                               Washington, D.C.  20044-7369
                               (202) 305-0404
                               (202) 305-0275 *[FAX]*
                               meredith.flax@usdoj.gov

                               Attorneys for Federal Defendants

**Certificate of Service**

I hereby certify that on June 2, 2008, I electronically filed the foregoing with the Clerk of

the Court via the CM/ECF system, which will send notification of such to the attorneys of

record:

Nancie G. Marzulla                 nancie@marzulla.com

Roger Joseph Marzulla              roger@marzulla.com

Michael Senatore                   msenatore@biologicaldiversity.org

                /s/ Meredith L. Flax
               Meredith L. Flax

# California Business Portal

## Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of May 23, 2008 and is updated weekly. It is not a complete or certified record of the Limited Partnership or Limited Liability Company.

| LP/LLC | | |
|---|---|---|
| OTAY MESA PROPERTY L.P. | | |
| **Number:** 200112000006 | **Date Filed:** 4/25/2001 | **Status:** active |
| **Address** | | |
| 5440 MOREHOUSE DRIVE, STE. 4000 | | |
| SAN DIEGO, CA 92121 | | |
| **Agent for Service of Process** | | |
| DAVID WICK | | |
| 5440 MOREHOUSE DRIVE, STE. 4000 | | |
| SAN DIEGO, CA 92121 | | |

Blank fields indicate the information is not contained in the computer file.

If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report. Fees and instructions for ordering a status report are included on the Business Entities Records Order Form.



Secretary of State DEBRA BOWEN

**DISCLAIMER:** The information displayed here is current as of MAY 23, 2008 and is updated weekly. It is not a complete or certified record of the Corporation.

| Corporation | | |
|---|---|---|
| RANCHO VISTA DEL MAR | | |
| **Number:** C1099942 | **Date Filed:** 12/31/1981 | **Status:** active |
| **Jurisdiction:** California | | |
| **Address** | | |
| 5440 MOREHOUSE DR STE 4000 | | |
| SAN DIEGO, CA 92121 | | |
| **Agent for Service of Process** | | |
| AMERICAN INTERN ATIONAL RACING, INC. | | |
| 5440 MOREHOUSE DRIVE | | |
| SAN DIEGO, CA 92121-1798 | | |

Blank fields indicate the information is not contained in the computer file.

If the status of the corporation is "Surrender", the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered.

# OTAY INTERNATIONAL LLC

## Business Entity Information

| | | | |
|---|---|---|---|
| Status: | Active | File Date: | 5/13/1996 |
| Type: | Domestic Limited-Liability Company | Corp Number: | LLC10640-1996 |
| Qualifying State: | NV | List of Officers Due: | 5/31/2009 |
| Managed By: | Managers | Expiration Date: | 3/22/2502 |

## Resident Agent Information

| | | | |
|---|---|---|---|
| Name: | PARACORP INCORPORATED | Address 1: | 318 N CARSON ST STE 208 |
| Address 2: | | City: | CARSON CITY |
| State: | NV | Zip Code: | 89701 |
| Phone: | | Fax: | |
| Email: | | Mailing Address 1: | |
| Mailing Address 2: | | Mailing City: | |
| Mailing State: | | Mailing Zip Code: | |

## Financial Information

| | | |
|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 0 |

**No stock records found for this company**

## Officers
☐ Include Inactive Officers

**Managing Member - AMERICAN INTERNATIONAL ENTERPRISES INC**

| | | | |
|---|---|---|---|
| Address 1: | 5440 MOREHOUSE DR | Address 2: | #4000 |
| City: | SAN DIEGO | State: | CA |
| Zip Code: | 92121 | Country: | |
| Status: | Active | Email: | |

## Actions\Amendments

| | | | |
|---|---|---|---|
| Action Type: | Articles of Organization | | |
| Document Number: | LLC10640-1996-001 | # of Pages: | 3 |
| File Date: | 05/13/1996 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Amendment | | |
| Document Number: | LLC10640-1996-003 | # of Pages: | 2 |
| File Date: | 04/29/1998 | Effective Date: | |
| AMENDMENT TO ARTICLES OF ORGANIZATION FILED ADDING MANAGING MEMBER. (2)PGS. | | | |
| MMR | | | |
| Action Type: | Resident Agent Change | | |
| Document Number: | LLC10640-1996-004 | # of Pages: | 1 |
| File Date: | 06/10/1998 | Effective Date: | |
| MARIANNE THERESA JOHNSON P O BOX 21447 | | | |
| 1000 BIBLE WAY #33 RENO NV 89502 TCH | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC10640-1996-010 | # of Pages: | 1 |
| File Date: | 05/28/1999 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC10640-1996-011 | # of Pages: | 1 |

| | | | |
|---|---|---|---|
| File Date: | 05/30/2000 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC10640-1996-008 | # of Pages: | 1 |
| File Date: | 05/31/2001 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Amendment | | |
| Document Number: | LLC10640-1996-005 | # of Pages: | 1 |
| File Date: | 03/22/2002 | Effective Date: | |

CERTIFICATE OF AMENDMENT TO ARTICLES OF ORGANIZATION FILED AMENDING ARTICLES 1,2, AND 9. (1) PG. PXE
NORTH CAROLINA INVESTMENTS NO. 1 LLC PXEB 00001

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | LLC10640-1996-007 | # of Pages: | 1 |
| File Date: | 01/03/2003 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | LLC10640-1996-009 | # of Pages: | 1 |
| File Date: | 05/06/2003 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Amendment | | |
| Document Number: | LLC10640-1996-006 | # of Pages: | 1 |
| File Date: | 10/30/2003 | Effective Date: | |

(1)PG FRA
CHRISTMAS MOUNTAIN LLC FRAB 00002

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | LLC10640-1996-002 | # of Pages: | 1 |
| File Date: | 06/10/2004 | Effective Date: | |

List of Officers for 2004 to 2005

| | | | |
|---|---|---|---|
| Action Type: | Annual List | | |
| Document Number: | 20050168363-44 | # of Pages: | 1 |
| File Date: | 05/05/2005 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20060256926-48 | # of Pages: | 1 |
| File Date: | 04/21/2006 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Resident Agent Address Change | | |
| Document Number: | 20060812637-45 | # of Pages: | 1 |
| File Date: | 12/19/2006 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20070269477-94 | # of Pages: | 1 |
| File Date: | 04/17/2007 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20080206536-12 | # of Pages: | 1 |
| File Date: | 03/24/2008 | Effective Date: | |

08-09

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Otay Mesa Property L.P.**, a California limited partnership; **Rancho Vista Del Mar**, a California corporation; and **Otay International, L.L.C.**, a California limited liability company, | ) ) ) ) ) ) ) | Case No. 1:08-cv-00383 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| **United States Department of the Interior, United States Fish and Wildlife Service, Dirk Kempthorne**, in his official capacity as Secretary of the Department of the Interior, **Lyle Laverty**, in his official capacity as Assistant Secretary for Fish, Wildlife and Parks, Department of the Interior. | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

[PROPOSED] ORDER

Pending before this Court is Federal Defendants' Motion to Transfer. The Court, having considered the materials submitted in support and opposition to the motion, and being otherwise fully advised FINDS AND ORDERS as follows:

The interests of justice and of the parties are best served by transfer of this case to the United States District Court for the Southern District of California. Accordingly, it is hereby

ORDERED that Defendants' Motion to Transfer is GRANTED; and

that the above-captioned matter is transferred to the U.S. District Court for the Southern

1

District of California.

IT IS SO ORDERED,

Dated this ___ day of June, 2008

_____
Rosemary M. Collyer
UNITED STATES DISTRICT JUDGE