UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| OTAY MESA PROPERTY L.P, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:08-CV-00383 |
| U.S. DEPARTMENT OF INTERIOR, et al., | ) |
| Defendants, | ) |
| and | ) |
| CENTER FOR BIOLOGICAL DIVERSITY, | ) |
| Movant. | ) |

_____ )

# ERRATA TO PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE
## MOTION FOR LEAVE TO ADD EXHIBIT

Plaintiffs respectfully ask this Court to permit the addition of the attached FOIA Request as "Exhibit 2" to Plaintiffs' Declaration of David Wick which was attached to their Opposition to Motion to Intervene filed Monday June 9, 2008. The Exhibit was not attached due to an electronic filing glitch. Defendant is not prejudiced by this request because of the timeliness of the correction and the fact that the Response to the Motion to Intervene was not due until June 17, 2008.

At this time we are re-filing the entire "Declaration of David Wick" which includes the Declaration, Exhibit 1 and Exhibit 2.

                    Respectfully submitted,

                    /s/Nancie G. Marzulla
                    Nancie G. Marzulla, D.C. Bar No. 400985
                    Roger J. Marzulla, D.C. Bar No. 394907
                    Marzulla Law
                    1350 Connecticut Avenue, NW
                    Suite 410
                    Washington, DC  20036
                    (202) 822-6760
                    (202) 822-6774 (facsimile)

June 10, 2008                    Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OTAY MESA PROPERTY L.P., a California limited partnership; RANCHO VISTA DEL MAR, a California corporation, and OTAY INTERNATIONAL, LLC, a California limited liability company, <br><br>  Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF THE INTERIOR, UNITED STATES FISH AND WILDLIFE SERVICE, DIRK KEMPTHORNE, in his official capacity as Secretary of the Department of the Interior, LYLE LAVERTY, in his official capacity as Assistant Secretary for Fish, Wildlife and Parks, Department of the Interior, <br><br>  Defendants. | Case No. 1:08-cv-00383 |

**DECLARATION OF DAVID WICK**

I, David Wick, pursuant to 28 U.S.C. § 1746, declare:

1. I am, and have been since 1992, an employee of S.D. Commercial, LLC, a California corporation, or its predecessor, a California property management company, with its principal place of business located at 5440 Morehouse Drive, Suite 4000, San Diego, California 92121. Throughout that time, I have been the person primarily responsible for the management of all of the property owned by Plaintiffs, Otay Mesa Property L.P., Rancho Vista Del Mar, and Otay International, LLC, including the land that has been designated "Critical Habitat" for the endangered fairy shrimp. I am

intimately familiar with the physical characteristics, history, topography, and development of the subject property since 1992, and I can personally testify to the facts set forth in this declaration.

2. Since 1992, I have visited the subject property, together with other properties I manage, on average about once a week in connection with my duties. The subject property consists of three parcels:

- A parcel owned by Otay Mesa Property, L.P., outlined in yellow on the map attached as Exhibit 1, approximately 56 acres of which has been designated as critical habitat for the endangered fairy shrimp;

- A parcel owned by Rancho Vista Del Mar, outlined in purple on the map attached as Exhibit 1, approximately 44 acres of which has been designated as critical habitat for the endangered fairy shrimp;

- A parcel owned by Otay International, LLC, outline in brown on the map attached as Exhibit 1, approximately 43 acres of which has been designated as critical habitat for the endangered fairy shrimp.

3. The map attached as Exhibit 1 accurately depicts these parcels, the area erroneously designated as fairy shrimp habitat, and the surrounding roads and other features. The area designated as Critical Habitat is outlined and labeled in red. The parcel of land owned by Plaintiff Otay Mesa Property, L.P., approximately 56 acres of which lie within the boundary of the Critical Habitat, is outlined in yellow. The parcels of land owned by Plaintiff Rancho Vista Del Mar, approximately 44 acres of which lie within the boundary of the Critical Habitat, is outlined in purple. The parcels of land owned by Plaintiff Otay International LLC, approximately 43 acres of which lie within

2

the boundary of the Critical Habitat, is outlined in brown. One arrow on the map measures the distance from the intersection of two local public roads, Alta Road and Otay Mesa Road, and the nearest concurrence of Plaintiffs' private property and the Critical Habitat; a distance of approximately 4,600 feet. A second arrow on the map measures the distance between a "prominent vista" along the Otay Truck Trail used by the Border Patrol for surveying the area and known as the "56 Scope Site" (labeled in green on the map) and the nearest concurrence of Plaintiffs' private property and the Critical Habitat; a distance of approximately 4,200 feet. The approximate path of the Otay Truck Trail is marked by a dotted purple line found in the north-eastern corner of the map.

4. I have read the Declaration of David Hogan dated May 12, 2008, in which he states:

> I have traveled to Critical Habitat Unit 5D in the past and I intend to return to that critical habitat unit as part of my regular visits to the Otay Mountain Wilderness via Otay Mountain road, a.k.a. Otay Mountain truck trail. Portions of Critical Habitat Unit 5D are accessible via roads open to the public, and I often stop at a prominent vista overlooking Critical Habitat Unit 5D on my trips to and from the Otay Mountain Wilderness. My visits to the Otay Mountain Wilderness via Critical Habitat Unit 5D occur, approximately, on an annual basis.

5. Mr. Hogan could not have accessed the subject property via the Otay truck trail or any public road, as no public road provides access to it. This area can only be reached by heavy duty utility vehicle or horseback as there is no public road leading to it. Plaintiffs have never given Mr. Hogan nor any other representative of the Center for Biological Diversity ("CBD") permission to enter their land and, to the best of my knowledge, neither Mr. Hogan nor any CBD representative has ever done so. The only way Mr. Hogan could access the Otay truck trail is to trespass on land owned by Plaintiffs and managed by me.

6. The Otay truck trail to which Mr. Hogan refers is located approximately 1 mile from the designated area on the subject property, and not even Superman could observe fairy shrimp (if they existed on the subject property) from that distance. Moreover, the Otay truck trail is not a publicly maintained or publicly dedicated road; and is accessed via a locked gate located on private land owned by International Industrial Park, Inc., which I also manage. International Industrial Park ("IIP") has not given Mr. Hogan permission to enter its land, nor does he have a key to the locked gate. The only way Mr. Hogan could access the Otay truck trail is to trespass on land owned by IIP and managed by me.

7. In 2007, I retained an expert in fairy shrimp habitat to conduct a habitat survey of the subject property. That survey found no fairy shrimp, no vernal pools and no habitat on the subject property. Accordingly, even if he had access to the subject property, there would be nothing for Mr. Hogan to observe.

8. In reliance on this survey, on April 19, 2007, I filed with the Fish and Wildlife Service ("FWS") a comment on the proposed rule in which I pointed out that Plaintiffs land did not exhibit the characteristics of fairy shrimp habitat, and that FWS' mapping of critical habitat to include Plaintiffs' land was therefore "flawed and/or inaccurate." When the final rule was published in December 2007, designating approximately 143 acres of Plaintiffs' land as critical habitat for the fairy shrimp without explaining why, I instructed my lawyers to get to the bottom of this designation by opening discussions with FWS officials. I subsequently authorized my lawyers, at the suggestion of FWS officials, to submit a Freedom of Information Act request for all such evidence indicating the presence of fairy shrimp habitat on the subject property. (Ex. 2.) Although FWS

provided a CD of data, none of it demonstrated that there was habitat on the subject property. Convinced that FWS would not voluntarily review the evidence, I authorized the filing of this suit to require FWS to identify any evidence in the record supporting designation of Plaintiffs' property as fairy shrimp habitat.

I declare the foregoing to be true and correct under penalty of perjury as provided in 28 U.S.C. § 1746.

Execute this 9th day of June, 2008          David Wick

# Exhibit 1

# Civ. No. 1:08-cv-00383-(RMC)



# Exhibit 2

# Civ. No. 1:08-cv-00383-(RMC)

 Marzulla Law

1350 CONNECTICUT AVE., NW
SUITE 410
WASHINGTON, DC 20036

TEL: (202) 822-6760
FAX: (202) 822-6774
WWW.MARZULLA.COM

January 30, 2008

Ms. Judy Tetreault
FOIA Coordinator
Carlsbad Office
U.S. Fish and Wildlife Service
6010 Hidden Valley Road
Carlsbad, CA 92011

Re: Freedom of Information Act Request

Dear Ms. Tetreault:

Pursuant to the Freedom of Information Act, 5 U.S.C.A. § 552, I am requesting a copy of any report or document relating to or summarizing the results of the U.S. Fish and Wildlife Service's (FWS) designation of critical habitat for the San Diego Fairy Shrimp (branchinecta sandiegonensis) within the portion of subunit 5D (Otay Mesa) as listed in *Endangered and Threatened Wildlife and Plants; Designation of Critical Habitat for the San Diego Fairy Shrimp (Branchinecta sandiegonensis); Final Rule*, 72 Fed. Reg. 70648 (Dec. 12, 2007).

This request includes but is not limited to data from surveying biologists holding 10(A)(1)(a) permits, reports received from CalTrans regarding the specified area, and GIS maps of the specified area used in the creation of the record supporting the designation of critical habitat for San Diego Fairy Shrimp in the Final Rule issued by the FWS on December 12, 2007.

Additionally, we request copies of any and all permits, warrants, or any other documents authorizing surveyors to enter any private land for the purposes of surveying or for any other reason in connection with the record supporting the Final Rule issued by the FWS on December 12, 2007, as it pertains to the portion of subunit 5D that lays east of Alta Road.

If available, please provide these documents in electronic format (MS Excel, MS Word, or PDF), and email them to Peter Randolph, peter@marzulla.com. Should there be reasonable costs involved with the production of this request, we kindly ask that you contact our office at the phone number above first with that information and receive permission to incur the cost. Please provide a response within 20 working days, as provided by law. If you deny my request in whole or in part, please provide me detailed justification. I also request that any segregable portions that are not exempt be disclosed.

      Please feel free to call me if you wish to discuss this request. Thank you for your prompt assistance in this regard.

                                          Yours truly,

                                          Peter D. Randolph

cc: Jim Bartel