UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **Otay Mesa Property L.P.**, a California limited partnership; **Rancho Vista Del Mar**, a California corporation; and **Otay International, L.L.C.**, a California limited liability company, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:08-cv-00383 |
| v. | ) ) ) | |
| **United States Department of the Interior**, **United States Fish and Wildlife Service**, **Dirk Kempthorne**, in his official capacity as Secretary of the Department of the Interior, **Lyle Laverty**, in his official capacity as Assistant Secretary for Fish, Wildlife and Parks, Department of the Interior. | ) ) ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## PARTIES' JOINT REPORT

The parties submit the following Joint Report as required by Local Rule 16.3(d) and the Court's May 27, 2008 Order (Doc. No. 11):[1]

**A.   Brief Statement of the Case and Statutory Basis for All Causes of Action and Defenses**

This is a suit under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, challenging the designation of 143 acres of land Plaintiffs allegedly own as critical habitat for the San Diego fairy shrimp, (*Branchinecta sandiegonensis*). The designation of approximately 4,000 acres of critical habitat, including this 143 acres of land, is

---

[1] The parties note that it appears this case – an action for review on an administrative record – is exempt from the requirements of Local Rule 16. Local Civil Rule 16(b)(1).

published at 72 Fed. Reg. 70,648 (Dec. 12, 2007). The United States Fish and Wildlife Service listed the San Diego fairy shrimp as an endangered species in 1997.[2]

Plaintiffs assert that the designation of this 143 acres of land as critical habitat for the San Diego fairy shrimp is arbitrary, capricious, and otherwise not in accordance with law because there is no evidence in the record to support that the land meets the requirements set out in the Endangered Species Act ("ESA"), the ESA regulations, or Executive Order 12,630.[3] Defendants dispute Plaintiffs' claim and assert that the rule is fully supported by the record and fully complies with the law.[4]

Plaintiffs assert that they have standing to bring these claims and that this is the appropriate venue for this case. Defendants assert that Plaintiffs may lack standing to assert some or all of their claims and that this case should be transferred to a more appropriate venue.[5]

**B.     Local Rule 16.3 Report**

1.   **Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

Because this is a case for review on an administrative record, the parties believe that this case is likely to be disposed of by dispositive summary judgment motions.

2.   **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties do not anticipate joining any other party or amending the pleadings at this time. However, the parties note that there is a motion to intervene currently pending

---

[2] 62 Fed. Reg. 4,925 (Feb. 3, 1997).
[3] Complaint (Doc. No. 1) ¶ 22.
[4] Answer (Doc. No. 7) ¶22.
[5] Answer at 5 (Affirmative Defenses); Defendants' Motion to Transfer Venue (Doc. No. 13).

2

before the Court. The parties believe that the material facts are undisputed and that this case is appropriate for summary judgment.

>   **3.  Whether this case should be assigned to a magistrate judge for all purposes, including trial.**

The parties agree that this case should not be assigned to a Magistrate Judge.

>   **4.  Whether there is a realistic possibility of settling the case.**

The parties have independently pursued settlement discussions and believe they have exhausted the possibilities. The parties do not believe there is a realistic possibility of settling this case.

>   **5.  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties agree that the use of the Court's Alternative Dispute Resolution procedures would not be productive. The parties have independently pursued settlement discussions, exhausted the possibilities, and do not believe there is a realistic possibility of settling this case.

>   **6.  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties believe that this case can be resolved by summary judgment. However, the parties disagree as to the appropriate briefing schedule, so have set forth their positions here and leave it to the Court to determine which schedule it prefers. Whichever schedule the Court chooses, the parties agree that the schedule may need to be modified for good cause. In addition, the parties respectfully request that oral argument be scheduled at the earliest possible time after submission of the last brief, and that a decision be reached as soon as possible thereafter.

### A.    Plaintiffs' Proposed Briefing Schedule

Plaintiffs oppose Defendants' proposed briefing schedule for three reasons. First, this is a straight-forward record-review case that does not require the filing of 4-5 briefs to resolve. Second, Plaintiffs bear the burden of proof; therefore, Plaintiffs should be given the final brief. And, finally, under Plaintiffs' proposed schedule, briefing is completed earlier, leading to a prompter resolution of this dispute.

| | |
|---|---|
| September 22, 2008 | Defendants file the Administrative Record |
| November 21, 2008 | Plaintiffs file Motion for Summary Judgment |
| January 16, 2009 | Defendants file Opposition to Plaintiffs' Motion for Summary Judgment |
| February 13, 2009 | Plaintiffs file Reply to Defendants' Opposition |

In the alternative, if the Court would entertain cross-motions for summary judgment, Plaintiffs request that the cross-motions be filed simultaneously to allow for more expeditious resolution of this dispute. Finally, if the Court adopts Defendants' proposed briefing schedule, Plaintiffs reserve the right to file a surreply if Defendants raise any new arguments in their reply brief.

### B.    Defendants' Proposed Briefing Schedule

| | |
|---|---|
| September 22, 2008 | Defendants file the Administrative Record |
| November 21, 2008 | Plaintiffs file a Motion for Summary Judgment |
| January 16, 2009 | Defendants file a combined Opposition to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment |
| February 13, 2009 | Plaintiffs file a combined Opposition to Defendants' Motion for Summary Judgment and Reply in support of their Motion for Summary Judgment |

March 13, 2009        Defendants file a Reply in support of their Cross-Motion for
                      Summary Judgment

    **7.**     **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P, and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties stipulate to dispensing with the initial disclosures referred to in

Federal Rule of Civil Procedure 26(a)(1)(E)(i).

    **8.**     **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g. number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that discovery is not appropriate in this case, as Plaintiffs are

seeking judicial review of agency action on an administrative record.

    **9.**     **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P, should be modified and whether and when depositions of experts should occur.**

Not applicable.

    **10.**     **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

    **11.**     **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that there is no need for phasing or bifurcation in this case.

    **12.**     **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Because the parties anticipate that this case will be resolved by motions for summary judgment, they agree that it is not necessary to set a date for a pretrial conference.

**13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Because the parties anticipate that this case will be resolved by motions for summary judgment, they agree that it is not necessary to set a trial date.

**14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties note that there is a motion to intervene currently pending before the Court. Intervenor-Applicant was consulted in the filing of this report and has no comments on any of the statements made in the report.

Respectfully submitted,

Dated: June 16, 2008           /s/ Nancie G. Marzulla
Nancie G. Marzulla, D.C. Bar No. 400985
Roger J. Marzulla, D.C. Bar No. 394907
MARZULLA LAW
1350 Connecticut Avenue, N.W.
Suite 410
Washington, D.C. 20036
Phone: (202) 822-6760
Fax: (202) 822-6774

Attorneys for Plaintiff

Dated:  June 16, 2008           RONALD J. TENPAS
Assistant Attorney General
JEAN E. WILLIAMS
Chief

/s/ *Meredith L. Flax*
Meredith L. Flax, Attorney (DCB 468016)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7369
Washington, D.C. 20044-7369
Phone:  (202) 305-0404
Fax:  (202) 305-0275

Attorneys for Defendant